USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY TRONCHIN,

                          Plaintiff,

            -against-

THE SHUBERT ORGANIZATION INC.;
KENNY NUNEZ; MICHAEL COCO; CATHY
COZENS,

                          Defendants.

---

1:23-CV-10053 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff Anthony Tronchin, of New York, New York, brings this *pro se* action asserting

that his former employer, the Shubert Organization, Inc. ("TSO"), and some of its employees,

discriminated against him on the basis of his race, color, sex, and age, and retaliated against him,

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Age

Discrimination in Employment Act of 1967, and the New York State and City Human Rights

Laws ("NYSHRL" & "NYCHRL"). He names as defendants: (1) the TSO; (2) Kenny Nunez,

Manager of TSO's Shubert Theatre; (3) Cathy Cozens, TSO's Vice President of Human

Resources; and (4) Michael Coco, TSO's General Manager of the Theater Operations. Plaintiff

seeks reinstatement, a promotion, "lost wages, back and front pay, punitive damages, reputation

damages, retirement and pension fund, emotional and mental anguish, compensatory damages[,]

sick and vacation pay, pain and suffering, civil penalties." (ECF 1, at 6.) The Court construes

Plaintiff's complaint as asserting claims of employment discrimination and retaliation under Title

VII and Section 1981, claims of retaliation under the Fair Labor Standards Act and N.Y. Labor

Law § 215, claims of employment discrimination and retaliation under the NYSHRL and the

NYCHRL, as well as claims of defamation.

By order dated November 16, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on the defendants, and, for the reasons discussed below, denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application in this action at a later date.

## DISCUSSION

### A.      Service on the defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of defendant. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of a summons and a copy of the complaint on each defendant.

If a summons and a copy of the complaint is not served on each of the defendants within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date that summonses are issued.

service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Application for the Court to Request *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF 3) without prejudice to Plaintiff's filing another such application in this action at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue summonses for the defendants; complete USM-285 forms with the service addresses of the defendants; and deliver all documents necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel

(ECF 3) without prejudice to Plaintiff's filing another such application in this action at a later

date.

Dated:     January 2, 2024
           New York, New York

_____
ANALISA TORRES
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. The Shubert Organization
   234 West 44th Street
   New York, New York 10036

2. Kenny Nunez, Manager
   The Shubert Theatre
   225 West 44th Street
   New York, New York 10036

3. Cathy Cozens, Vice President of Human Resources
   The Shubert Organization
   234 West 44th Street
   New York, New York 10036

4. Michael Coco, General Manager of Theater Operations
   The Shubert Organization
   234 West 44th Street
   New York, New York 10036