UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TRONCHIN,<br><br>                    Plaintiff,<br><br>          -against-<br><br> THE SHUBERT ORGANIZATION, et al.,<br><br>                    Defendants. | 23-CV-10053 (MMG)<br><br>**OPINION & ORDER** |

MARGARET M. GARNETT, United States District Judge:

Plaintiff Anthony Tronchin ("Plaintiff"), proceeding *pro se*, brings this action against his former employer the Shubert Organization ("Shubert") and certain of its employees—Kenny Nunez, Michael Coco, and Cathy Cozens (the "Individual Defendants") (collectively with Shubert, "Defendants")—in connection with allegations of workplace discrimination, harassment, and retaliation.  The Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  Defendants move to dismiss the Complaint in part, contending that (1) the Title VII and ADEA claims against the Individual Defendants fail as a matter of law because neither statute provides for individual liability; and (2) the NYSHRL and NYCHRL claims are barred by the election of remedies doctrine.  For the reasons that follow, the motion is GRANTED in part and DENIED in part.

1

**BACKGROUND**

I.    **RELEVANT FACTS**[1]

Shubert is a theater company that employed Plaintiff as an usher at multiple venues between 1994 and 2022.  Compl. ¶¶ 2, 6.  This action arises from Plaintiff's tenure at Shubert's namesake Broadway theater, the Shubert Theater (the "Theater"), where Plaintiff worked from 2018 until he was terminated in 2022.  *Id.* ¶ 3.  In the jumble of forms, statements, communications, and other records that comprise the Complaint, Plaintiff chronicles a series of abuses that he purportedly suffered at the Theater from April 2022 to October 2022.  The alleged misconduct includes sexual harassment of Plaintiff by a supervisor, inequitable work assignments, delays in compensation for work, rude comments, a false accusation that Plaintiff sexually harassed a coworker, and the unfair investigation and adjudication of that accusation, including Plaintiff's resulting termination.  Plaintiff is a Black man who identifies as asexual; he was 53 years old at the time he filed the Complaint.  *Id.* ¶ 6.  He variously alleges that his mistreatment was motivated by animus towards his race, age, and sexual orientation and/or was perpetrated in retaliation for his rebuffing the sexual advances of his supervisor and/or for filing an unrelated complaint of sexual harassment while working at a different Shubert theater in 2016.

   **A.  2016 Sexual Harassment Case**

Plaintiff began working at the Theater in 2018 following the resolution of a 2016 sexual harassment case at another Shubert-operated theater.  In that case, Plaintiff's coworker

---

[1] This Opinion draws its facts from Plaintiff's Complaint (Dkt. No. 1), the well-pleaded allegations of which are taken as true for purposes of this Opinion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The Court also relies, as appropriate, on extrinsic materials for the purpose of determining subject matter jurisdiction.  *See Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002).

purportedly offered to show Plaintiff his underwear and asked if Plaintiff wanted "be with" him. *Id.* ¶ 7.  Plaintiff filed a complaint with Shubert's human resources department, but, according to him, they did not investigate or otherwise address the harassment.  *Id.* ¶ 8. Then, "[i]n retaliation for not reciprocating his sexual advances, [Plaintiff's] co-worker approached him during a show and hit him." *Id.* ¶ 9.  Shubert responded by suspending Plaintiff for speaking to a coworker during a show.  *Id.* ¶ 10.  In June 2016, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"), which made a probable cause determination in his favor.  *Id.* ¶ 11.  In 2018, Shubert and Plaintiff finalized a settlement agreement whereby Shubert remitted back pay for Plaintiff's suspension and transferred Plaintiff to the Theater.  *Id.*

### B.  Alleged Harassment by a Supervisor in 2022

Following a hiatus caused by the suspension of Theater performances during the COVID-19 pandemic, Plaintiff resumed working as an usher when the Theater reopened in April 2022. *Id.* ¶ 12.  At that time, Kenny Nunez began working as the Theater's new manager.  *Id.*  During an initial meeting with Plaintiff, Nunez stated that he "want[ed] to be friends," which made Plaintiff uncomfortable because he thought the proposition was inappropriate.  *Id.* ¶ 13.  From there, "Nunez began an escalating pattern of sexual harassment." *Id.* ¶ 14.  Plaintiff attempts to demonstrate this pattern with two allegations.  First, Nunez once told Plaintiff, "You have sexy eyes." *Id.* ¶ 14.  Second, Nunez "would find excuses to touch [Plaintiff] while they were working and would grab him and adjust his nametag, even when it was on straight." *Id.* ¶ 15. Additionally, Nunez would often interrupt Plaintiff's conversations with other employees.  *Id.* ¶ 17.  Plaintiff interpreted these various actions as Nunez making sexual advances toward him. *Id.* ¶ 18.  Plaintiff declined to report Nunez's behavior because he believed—based on Shubert's handling of his 2016 complaint—that Shubert would retaliate against him.  *Id.*

Plaintiff says he nevertheless suffered retaliation from Nunez "for not reciprocating his advances." *Id.* ¶ 19.  Nunez told Plaintiff that he had "negative energy" and started treating Plaintiff unfairly. *Id.* ¶¶ 19–22.  Plaintiff alleges that he covered an extra show in April 2022 and that Nunez initially refused to pay Plaintiff for the extra work, relenting only after Plaintiff contacted his union. *Id.* ¶ 20.  Additionally, Plaintiff was consistently made to work in the "less desirable" orchestra section, where Nunez worked, despite the Theater's usual practice of assigning ushers to different locations throughout the Theater on a rotating basis. *Id.* ¶ 21.  When Plaintiff asked why he was assigned to work only in the orchestra section, Nunez told him, "Blacks are treated differently around here." *Id.* ¶ 22.

### C.  Plaintiff's Termination for Sexual Harassment

On or about August 14, 2022, Plaintiff engaged in a conversation with a Theater bartender named Matthew Lanyi. *Id.* ¶ 23.  Lanyi was a good friend of Nunez. *Id.* ¶ 26.  During the conversation, Plaintiff asked Lanyi if he worked out. *Id.* ¶ 24.  Lanyi answered yes, explaining that he was a gymnast. *Id.*  Plaintiff "told Lanyi that he looked good" and identified himself as a dancer. *Id.*  Lanyi thanked Plaintiff for the compliment, and the two briefly spoke about dancing before Plaintiff had to end the conversation to return to perform his duties for a show that was about to end. *Id.* ¶ 25.  Plaintiff perceived no indication that the interaction made Lanyi uncomfortable. *Id.* ¶ 26.

A few days later, Plaintiff was called into a meeting with Michael Coco and Cathy Cozens, Shubert's General Manager of Theater Operations and Vice President of Human Resources, respectively. *Id.* ¶¶ 4–5, 27.  They relayed a message from Nunez claiming that Plaintiff had made Lanyi uncomfortable during the August 14 interaction. *Id.* ¶ 28.  They asked Plaintiff to apologize for committing sexual harassment, but Plaintiff insisted that he had no

4

intention to harass. *Id.* ¶¶ 28–29. Coco accused Plaintiff of "being a Bill Cosby" and informed Plaintiff that he was terminated. *Id.* ¶¶ 30–31.

After filing a grievance letter, Plaintiff attended a second meeting with Shubert management on September 6, 2022. *Id.* ¶ 32. The Shubert representatives cited additional inappropriate comments that Plaintiff allegedly made to Lanyi during their August 14 interaction. Specifically, they accused Plaintiff of telling Lanyi to "keep up that body so [he] can share it with people" and advising him that "nothing is free" while making a hand gesture referring to money, which Cozens likened to being "a pimp." *Id.* ¶¶ 33–34. Plaintiff denied those allegations. They also alleged that, on a separate occasion, Plaintiff had complimented Lanyi on his legs. *Id.* at 35. Plaintiff explained that he had merely commented on that fact that Lanyi was wearing pants one day instead of his usual shorts. *Id.* After the meeting, Shubert upheld its decision to terminate Plaintiff. *Id.* ¶ 36.

## II.   PROCEDURAL HISTORY

On October 18, 2022, Plaintiff filed a complaint with the NYSDHR against Shubert, Coco, and Cozens, charging discrimination on the basis of age, race, marital status, national origin, predisposing genetic characteristic, and sexual orientation in violation of the NYSHRL. Dkt. No. 16-2 (the "NYSDHR Complaint"). In the NYSDHR Complaint, Plaintiff recounted the facts surrounding his termination for sexual harassment and alleged that Shubert management refused to believe his side of the story because he was Black. *Id.* at 8. He also stated that Shubert management told him he comes "last," declined to shake his hand, and compared him to Harvey Weinstein and Bill Cosby. *Id.* Finally, he referenced his 2016 complaint of sexual harassment and stated that Shubert was trying to retaliate against him. *Id.*

On June 23, 2023, the NYSDHR issued a Determination and Order After Investigation resolving Plaintiff's case. *See* Dkt. No. 16-3 (the "NYSDHR Decision" or "Decision"). As explained in the Decision, the NYSDHR investigated Plaintiff's allegations and determined that there was "no probable cause to believe that the respondents have engaged in or are engaging in the unlawful discriminatory practice complained of." *Id.* at 1. The NYSDHR stated that its investigation "revealed insufficient evidence that [Plaintiff] was discriminated against" and concluded that his "mere belief and conclusory allegations that he was discriminated against . . . is insufficient to establish a nexus to the Respondent's actions." *Id.* at 1, 5. Further, the NYSDHR explained that "Respondent has articulated a legitimate, non-discriminatory reason for how the Complainant was treated which have [*sic*] not been proven to be a pretext for discrimination." *Id.* at 5. Accordingly, the NYSDHR dismissed Plaintiff's complaint and ordered his case closed. *Id.*

Plaintiff then filed this action on November 14, 2023. Dkt. No. 1. The case was assigned to Judge Analisa Torres, who referred the parties to mediation on January 2, 2024. Dkt. No. 7. On February 21, 2024, the case was reassigned to the undersigned. Defendants filed their partial motion to dismiss on April 1, 2024. Dkt. No. 15. Plaintiff filed an opposition to Defendant's motion on May 6, 2024, Dkt. No. 21, and Defendants filed a reply on May 13, 2024, Dkt. No. 22. The parties attended a mediation conference on August 2, 2024, but the mediator reported that the parties were unsuccessful in resolving any issue in the case, and the mediation referral was closed. Dkt. No. 27.

**DISCUSSION**

**I.    MOTION TO DISMISS THE TITLE VII AND ADEA CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

As an initial matter, there is no individual liability under Title VII or the ADEA. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); *Browne v. Arrow Sec.*, No. 24-CV-09788 (JLR), 2024 WL 5201653, at *1 (S.D.N.Y. Dec. 23, 2024) ("The ADEA does not provide for liability on the part of individual defendants.").[2] Accordingly, Plaintiff's Title VII and ADEA claims against the Individual Defendants must be dismissed.

**II.    MOTION TO DISMISS THE NYSHRL AND NYCHRL CLAIMS PURSUANT TO THE ELECTION OF REMEDIES DOCTRINE**

Defendants argue that the NYSHRL and NYCHRL claims are barred because they are premised on the same allegations that Plaintiff already raised in the NYSDHR Complaint. Relying on the election of remedies provisions in the NYSHRL and NYCHRL, Defendants move for dismissal under both Rules 12(b)(1) and 12(b)(6), principally briefing dismissal under the latter. However, "[t]he election of remedies bar is jurisdictional, such that claims dismissed pursuant to it must be dismissed under Rule 12(b)(1) rather than 12(b)(6)." *Rosich v. La Salle Acad.*, No. 24-CV-09183 (JLR), 2025 WL 2410596, at *5 (S.D.N.Y. Aug. 20, 2025).

**A.  Rule 12(b)(1) Standard**

"Rule 12(b)(1) requires a claim be dismissed for lack of subject matter jurisdiction 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Riordan v. NEC,*

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

*Am. Fed'n of Gov't Emps., AFL-CIO*, No. 23-CV-00881 (JPO), 2024 WL 1313614, at \*1 (S.D.N.Y. Mar. 26, 2024) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *S.G. v. Success Acad. Charter Sch., Inc.*, No. 18-CV-02484 (KPF), 2019 WL 1284280, at \*7 (S.D.N.Y. Mar. 20, 2019) (quoting *Makarova*, 201 F.3d at 113). "Where subject matter jurisdiction is contested, a district court may consider evidence outside the pleadings, such as affidavits and exhibits." *Id.* (citing *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, '*pro se* litigants still must establish subject matter jurisdiction to proceed in federal court.'" *Hall v. N.Y.C. Water Bd.*, No. 24-CV-02483 (JPC) (GWG), 2024 WL 4487257, at \*3 (S.D.N.Y. Oct. 15, 2024) (quoting *Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015)), *report and recommendation adopted*, 2024 WL 4712425 (S.D.N.Y. Nov. 7, 2024).

**B.  Election of Remedies Doctrine**

"The NYSHRL and the NYCHRL include functionally identical 'election of remedies' provisions." *Douglas v. Naik Consulting Grp., P.C.*, No. 24-CV-07237 (ER), 2025 WL 2042430, at \*4 (S.D.N.Y. July 21, 2025). As relevant here, the NYSHRL provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights." N.Y. Exec. Law § 297(9). Likewise, the NYCHRL provides that "[a]ny person claiming to be a person aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the city commission on human

8

rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence." N.Y.C. Admin. Code § 8–502(a). "These provisions act as a 'direct bar' to a federal or state court's jurisdiction over any claims previously submitted to the NYSDHR or the New York City Commission on Human Rights ("NYCCHR"), as well as a 'derivative bar' for claims 'arising out of the same incident on which the NYSDHR or NYCCHR complaint was based.'" *Rosich*, 2025 WL 2410596, at \*5 (quoting *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011)).

There are two exceptions to the election of remedies rules under the NYSHRL and NYCHRL. The first applies where a complaint filed with the NYSDHR is not dismissed on the merits, but rather "on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled." N.Y. Exec. Law § 297(9). The second exception applies when a plaintiff does not directly file a complaint with the NYSDHR, but rather with the EEOC, which thereafter files it with the NYSDHR in accordance with its obligations under Title VII. *Rosich*, 2025 WL 2410596, at \*5.

### C. The Claims Related to the Sexual Harassment Case Against Plaintiff Are Barred

The Complaint alleges two adjacent sets of facts that may independently entitle Plaintiff to relief under NYSHRL and NYCHRL: (1) his treatment by Nunez in the course of his daily work, including the alleged sexual harassment of Plaintiff and any disparate treatment in his assignments or pay; and (2) his termination for sexual harassment. His claims arising from the latter set of facts are clearly barred. His other claims are not.

With respect to Plaintiff's allegedly wrongful termination, the Complaint in this action is merely a reiteration of the NYSDHR Complaint. Both complaints allege that Shubert falsely accused Plaintiff of sexual harassment based on his interactions with Lanyi. And they both allege that Shubert discriminated against Plaintiff in its investigation of that accusation and

9

terminated him in retaliation for his 2016 complaint. "Furthermore, even though Plaintiff's claims before the NYSDHR were stated to have been based only on the NYSHRL, the NYCHRL claims that Plaintiff has attempted to raise before this Court arise out of the same incidents upon which [his] administrative complaint was founded." *Quirino v. New Jewish Home*, No. 19-CV-05778 (PAE) (DF), 2021 WL 11430535, at *13 (S.D.N.Y. Feb. 19, 2021), *report and recommendation adopted as modified*, 2021 WL 1089602 (S.D.N.Y. Mar. 22, 2021)). Plainly, Plaintiff is barred from litigating in this Court the NYSHRL and NYCHRL claims that arise from those incidents. *See Rosich*, 2025 WL 2410596, at *6 ("Because [Plaintiff] brought an NYSHRL claim that was investigated and dismissed with a determination of no probable cause, the election of remedies doctrine bars the NYSHRL and NYCHRL claims to the extent they are based on the same incident." (quoting *Saudagar v. Walgreens Co.*, No. 18-CV-00437 (KPF), 2019 WL 498349, at *8 (S.D.N.Y. Feb. 8, 2019))).

Neither exception applies. First, the NYSDHR decided Plaintiff's case on the merits. *See* Decision; *Rosich*, 2025 WL 2410596, at *5 ("The first exception clearly does not apply, since the NYSDHR dismissed [Plaintiff's] complaint for lack of probable cause."). Second, Plaintiff initiated his case with the NYSDHR directly, before he filed any charge with the EEOC. *See* Dkt. No. 1 at 6 (noting Plaintiff filed a charge with the EEOC on November 16, 2022, nearly one month after he filed his NYSDHR complaint on October 18, 2022); *Alston v. Microsoft Corp.*, No. 08-CV-03547(DC), 2009 WL 1116360, at *5 (S.D.N.Y. Apr. 27, 2009) (holding that the second exception did not apply because the plaintiff filed his EEOC charge after filing his NYSDHR complaint).

### D. The Claims Related to Nunez's Sexual Harassment of Plaintiff Are Not Barred

Defendants also seek to bar Plaintiff's sexual harassment claims related to his treatment by Nunez, arguing that those claims arise from the same incident as the claims related to his

termination.  However, barring those claims would stretch the election of remedies provisions too far.  The "derivative bar" invoked by Defendants "prevents a plaintiff from asserting claims against new defendants based on the same alleged discriminatory conduct," *Rosich*, 2025 WL 2410596, at \*5, and from "raising a new legal theory, if that theory is premised on the same events underlying his NYSDHR or NYCCHR complaint," *Saudagar*, 2019 WL 498349, at \*7.  It does not prevent Plaintiff from raising independent claims "based upon incidents not raised in [his] NYSDHR complaint."  *Reyes v. Westchester Cnty. Health Care Corp.*, No. 21-0410, 2021 WL 4944285, at \*2 (2d Cir. Oct. 25, 2021).

The allegations in the NYSDHR Complaint cover only Plaintiff's interaction with Lanyi, Shubert's subsequent handling of the sexual harassment accusation against Plaintiff, and his termination.  Nowhere in the NYSDHR Complaint does Plaintiff allege facts related to his treatment by Nunez, nor does he purport to assert any claims beyond those related to his termination.  Notably, the NYSDHR Complaint does not even mention Nunez, and Plaintiff did not check the box for "sexual harassment" among the list of potential claims provided on the NYSDHR Complaint form.  *See* Dkt. No. 16-2 at 6; *see also Bonilla v. City of New York*, No. 18-CV-12142 (KPF), 2019 WL 6050757, at \*11 n.9 (S.D.N.Y. Nov. 15, 2019) ("Since [plaintiff] did not raise his sexual harassment or retaliation based on complaints of such harassment before the [NY]SDHR, those claims are not barred by the election of remedies doctrine.").  And while Plaintiff's rebuttal submission briefly mentions harassment by Nunez, *see* Dkt. No. 1 at 23, there is no indication that the NYSDHR ever considered claims related to that alleged harassment.  *See Carrasco v. Metro. Transit Auth.*, No. 24-CV-04265 (LGS), 2025 WL 1939052, at \*3 (S.D.N.Y. July 15, 2025) ("While Plaintiff did refer generally to Defendants' discriminatory practices in interviews with the NYSDHR, her NYSDHR Complaint describes only the January 12 and

January 19, 2023, related incidents and the investigation into her conduct."). Thus, although there is a potential bridge between the two sets of facts—*i.e.,* that Nunez instigated the sexual harassment case against Plaintiff as some sort of retaliation for rebuffing his advances—the Court cannot conclude that the claims asserted in the Complaint arise from the *same incident* as those asserted in the NYSDHR Complaint. Therefore, Plaintiff's claims regarding his sexual harassment by Nunez, separate from the sexual harassment accusation against Plaintiff, are not barred by the election of remedies doctrine.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED in part and DENIED in part. The Title VII and ADEA claims against the Individual Defendants are DISMISSED, as are the NYSHRL and NYCHRL claims for discrimination arising from Plaintiff's termination. The remaining claims survive, including the NYSHRL and NYCHRL claims arising from Nunez's alleged harassment of Plaintiff.

Dated:  December 10, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

12