USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY TRONCHIN,

                          Plaintiff,

            -against-

THE SHUBERT ORGANIZATION INC., et al.,

                          Defendants.

23-CV-10053 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Anthony Tronchin ("Plaintiff") moves for an order requesting the appointment of *pro bono* counsel.  Dkt. No. 30.  The motion is granted in part.

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Unlike criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant.  *Id.*  Even if a court does believe that a civil litigant should have a free lawyer, it has no authority to "appoint" counsel and instead may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 301–10 (1989).  Furthermore, courts must request the services of *pro bono* counsel sparingly to preserve the "precious commodity" of volunteer lawyers' time.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

A court may only request pro bono counsel if a litigant demonstrates that he or she is indigent and if the court determines the litigant's claim "seems likely to be of substance." *Hodge*, 802 F.2d at 60, 61–62.  If these requirements are met, a court must next consider factors such as the litigant's "efforts to obtain a lawyer, the availability of counsel, and the plaintiff's

ability to gather the facts and deal with the issues if unassisted by counsel" as well as a litigant's ability to "obtain a lawyer otherwise than through *pro bono* appointment." *Cooper*, 877 F.2d at 172–73.

Plaintiff has satisfied the *Hodge* standards sufficient for the Court to request the appointment of *pro bono* counsel to make a limited appearance to assist Plaintiff in mediation. Plaintiff is indigent. Dkt. No. 4 (Order granting Plaintiff leave to proceed *in forma pauperis*). Plaintiff alleges that—during his employment with Defendant Shubert Org. Inc.—his supervisor Defendant Kenny Nunez sexually harassed him in violation of the New York City Human Rights Law and New York State Human Rights Law. Considering the allegations in Plaintiff's complaint, the Court determines that Plaintiff's claims seem "likely to be of substance." Assistance of counsel would significantly aid Plaintiff in understanding his rights and the merits of his claims and would significantly increase the chances that the parties are able to conduct a meaningful mediation session. *See Atadzhanov v. City of New York*, 2022 WL 16851560, at *2 (S.D.N.Y. Oct. 7, 2022). Furthermore, Plaintiff has attempted unsuccessfully to secure counsel to represent him. *See* Dkt. No. 30.

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purpose of participating in a mediation in this action. Counsel will file a Notice of Limited Appearance as *Pro Bono Counsel*. At this time, *pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond mediation. If the parties are unable to reach a resolution at mediation, *pro bono* counsel may seek an expansion of *pro bono* counsel's role as appropriate. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end once the mediation process concludes. Upon the filing by *pro bono* counsel of a Notice of

Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.

If an attorney chooses to volunteer as *pro bono* counsel in this matter, the attorney is directed to contact Plaintiff directly to determine if each party (Plaintiff and counsel) desire to move forward with representation.  Plaintiff should note, however, that there is no guarantee that a volunteer attorney will decide to take the case, and an attorney may decline to take the case after contacting Plaintiff.  Accordingly, Plaintiff should be prepared to proceed without an attorney.

In summary, Plaintiff's application for the Court to request *pro bono* counsel is GRANTED IN PART.  The Court will request pro bono counsel for the limited purpose of representing Plaintiff during mediation.


Dated:  December 10, 2025
        New York, New York


                                                    SO ORDERED.

                                                    _____
                                                    MARGARET M. GARNETT
                                                    United States District Judge

3