USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/13/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY TRONCHIN,

                Plaintiff,

      -against-

THE SHUBERT ORGANIZATION INC., et al.,

                Defendants.

23-CV-10053 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an employment discrimination case brought by pro se Plaintiff Anthony Tronchin ("Plaintiff"). Before the Court is Plaintiff's motion for an order requesting the appointment of *pro bono* counsel. Dkt. No. 41. The motion is GRANTED.[1]

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a civil litigant should have a free lawyer, it has no authority to "appoint" counsel and instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 301–10 (1989). Furthermore, courts must request the services of *pro bono* counsel

---

[1] On December 10, 2025, the Court requested pro bono counsel to represent Plaintiff in mediation. Dkt. No. 32. The Court's order provided that, if pro bono counsel was located, counsel could seek an expansion of pro bono counsel's role as appropriate. *Id.* Pro bono counsel appeared on January 14, 2026 (Dkt. No. 36), and a mediation conference occurred on March 17, 2026. The parties were unable to reach a settlement. Pro bono counsel filed a notice of completion on March 17, 2026. Dkt. No. 37.

sparingly to preserve the "precious commodity" of volunteer lawyers' time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

A court may only request pro bono counsel if a litigant demonstrates that he or she is indigent and if the court determines the litigant's claim "seems likely to be of substance." *Hodge*, 802 F.2d at 60, 61–62. If these requirements are met, a court must next consider factors such as the litigant's "efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel" as well as a litigant's ability to "obtain a lawyer otherwise than through *pro bono* appointment." *Cooper*, 877 F.2d at 172–73.

Plaintiff has satisfied the *Hodge* standards sufficient for the Court to request the appointment of *pro bono* counsel. Plaintiff is indigent. Dkt. No. 4 (Order granting Plaintiff leave to proceed *in forma pauperis*). Plaintiff alleges that—during his employment with Defendant Shubert Org. Inc.—his supervisor Defendant Kenny Nunez sexually harassed him in violation of the New York City Human Rights Law and New York State Human Rights Law. Considering the allegations in Plaintiff's complaint, the Court determines that Plaintiff's claims seem "likely to be of substance." Assistance of counsel would significantly aid Plaintiff during discovery and greatly contribute to the efficient resolution of this case. *See Atadzhanov v. City of New York*, 2022 WL 16851560, at *2 (S.D.N.Y. Oct. 7, 2022). Furthermore, Plaintiff has attempted unsuccessfully to secure counsel to represent him. *See* Dkt. Nos. 30 & 40. Lastly, much of this case turns on disputed comments made by Plaintiff or employees of the Shubert Organization. Given the contentious nature of the issues and Plaintiff's proximity thereto, however, Plaintiff cannot reasonably be expected to conduct depositions of key witnesses whose testimony will be central to resolving this case.

In summary, Plaintiff's application for the Court to request *pro bono* counsel is GRANTED.  The Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Plaintiff for the remainder of this case.

If an attorney wishes to volunteer as *pro bono* counsel in this matter, the attorney is directed to contact Plaintiff directly to determine if each party (Plaintiff and counsel) desires to move forward with representation.  If the attorney and Plaintiff wish to proceed with representation, the attorney must file a Notice of Appearance as *Pro Bono Counsel*.  Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.

Plaintiff should note, however, that there is no guarantee that a volunteer attorney will decide to take the case, and an attorney may decline to take the case after contacting Plaintiff.  Accordingly, Plaintiff should be prepared to proceed without an attorney.

The parties are currently scheduled to appear before the Court for an Initial Pretrial Conference on May 26, 2026.  Dkt. No. 39.  Given there is no guarantee Plaintiff will be able to obtain *pro bono* counsel, and given this lawsuit began in November 2023, the Court will not adjourn the conference.

Dated: April 13, 2026
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3